UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| FENF, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 2:26-cv-10658 |
| | ) |
| vs. | ) |
| | ) |
| AKASHA ORGANICS LLC, | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT

Plaintiff FenF, LLC ("FenF"), by its undersigned attorneys, alleges the following for its Complaint against Defendant Akasha Organics LLC ("Akasha" or "Defendant").

## Parties

1. FenF is a limited liability company organized and existing under the laws of Michigan and having a place of business located at 8155 Huron River Drive, Dexter, Michigan 48130.

2. Akasha is a limited liability company existing under the laws of Texas having a registered address at 11816 Inwood Rd #3006, Dallas, Texas 75244. Akasha sells products on Amazon at, *inter alia*, https://www.amazon.com/Generic-Medium-ComfortFlex-Silicone-

- 1 -

Separators/dp/B0CVRQVRXX/ref=sr_1_1?crid=GLX4EQNCDEKJ&dib=eyJ2Ijoi MSJ9.SSb_s0qR26GL15RoXfBd0g.X4f9wYvmmlzAlqbblBCwQaRP7o00KtSM1 BzE6qY6vWA&dib_tag=se&keywords=b0cvrqvrxx&nsdOptOutParam=true&qid =1771958357&sprefix=b0cvrqvrxx%2Caps%2C124&sr=8-1&th=1 from which the product accused in this Complaint can be purchased in Michigan.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121, because this action arises under the trademark laws of the United States (Title 15 Chapter 22 of the United States Code) and the copyright laws of the United States (Title 17 of the United States Code).

4. This Court has personal jurisdiction over Defendant because Defendant has conducted and continues to conduct business in this judicial district and, upon information and belief, has engaged in activities related to FenF's claims of federal trademark infringement, including but not limited to the sales and advertising through ecommerce sales channels such as Amazon.com. The product accused herein can be purchased through such sites in Michigan, that establish minimum contacts with the state of Michigan, including having committed acts of trademark and copyright infringement in this judicial district, and the exercise of personal jurisdiction over Defendant is reasonable and fair.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## Common Allegations

6. FenF sells foot-therapy products that are designed to treat various foot and toe ailments including hammertoes, flat feet, bunions, poor circulation, plantar fasciitis, and crossed toes.

7. FenF sells a line of Yoga Toes® products, including a Yoga Toes® GEMS® product ("the GEMS® product"), in various online outlets including through online retailers such as Amazon.com.

8. The GEMS® product sold by FenF includes upstanding posts made of elastic material. Each of the upstanding posts has a faceted gemstone handle at a free end thereof. A representative photograph of the GEMS® product is shown below in photograph A.



*A: FenF's GEMS® Product*

9. FenF's GEMS® product has been featured on television shows such as *Rachel Ray*, *Dr. Oz*, and *The Today Show* featuring Kathy Lee and Hoda.

10. FenF's GEMS® product has also been featured in publications such as The Wall Street Journal, New York Magazine, and Oprah Magazine.

11. FenF has spent over $5 million dollars promoting its Yoga Toes® products including its GEMS® product.

12. As a result of FenF's sales, advertising, and the quality and uniqueness of its GEMS® products, FenF has been the number one seller on Amazon in its product category for over three years and the number two seller on Amazon for over five years.

13. FenF has acquired value, name and brand recognition, and goodwill in the use of its gemstone handle configuration in connection with its GEMS® product as a result of continual and substantial advertising, promotion, and interstate commercial activity related to its GEMS® product that dates back to at least December 2010.

14. FenF has been the exclusive seller of legitimate foot therapy products having a gemstone handle configuration since it began selling its GEMS® product.

15. Many other sellers have tried selling foot therapy products having gemstone handle configurations that violate FenF's trademark rights on ecommerce

platforms such as Amazon and eBay. Through a rigorous enforcement effort, FenF has successfully stopped infringing sales.

16. FenF is the owner of protectable trade dress for a foot-therapy product that includes gemstone handles and has obtained a federal trademark registration, Registration No. 5,098,981, for the gemstone handle design ("the '981 trademark registration"). A true and correct copy of the '981 trademark registration is attached to this Complaint as Exhibit A. The '981 trademark registration has become incontestable as set forth in Section 15 of the Lanham Act, 15 U.S.C. § 1065.

17. As a result of its substantial advertising, exposure, sales, and recognition, FenF's registered trade dress in its registered gemstone handles is widely recognized by the general consuming public as the source of FenF's toe stretchers and has become famous.

18. FenF is also the owner of federal trademark registration, Registration No. 5,099,070, for its sapphire blue color in connection with toes stretchers ("the '070 trademark registration"). A true and correct copy of the '070 trademark registration is attached to this Complaint as Exhibit B. The '070 trademark registration has become incontestable as set forth in Section 15 of the Lanham Act, 15 U.S.C. § 1065.

19. FenF is the owner of a copyright covering the photograph of its GEMS® product, shown above in photograph A, and has registered that copyright

with the U.S. Copyright Office in accordance with applicable copyright statutes, Title 17 United States Code. FenF's copyright was assigned Registration Number VA 2-001-636 ("the '636 copyright registration"). A true and correct copy of the '636 copyright registration is attached to this Complaint as Exhibit C.

20. Defendant advertises, offers for sale, and sells certain products to the public within the United States, including in this District, under the designation "Generic Medium ComfortFlex Silicone Toe Separators, Blue." Defendant's product features upstanding posts made of an elastic material where each of the upstanding posts has a gemstone handle at a free end thereof. Hereafter "the Akasha product."



| FenF's Registered Copyrighted Photograph Reg. No. VA 2-001-636 | Defendant's Unauthorized Copy (Exhibit E) |

21.     In connection with its Amazon listing for the Akasha product Defendant displays an unauthorized copy of FenF's registered copyrighted photograph, shown above. (Excerpts at Exhibit E).

22.     FenF is the owner of a copyright covering the photographs of its GEMS® product, as shown below, and has registered that copyright with the U.S. Copyright Office in accordance with applicable copyright statutes, Title 17 United States Code.

| FenF's Registered Copyrighted Photograph Reg. No. VA 2-100-631 | Defendant's Unauthorized Copies (Exhibit E) |
|---|---|
|  | |



FenF's copyright was assigned Registration Number VA 2-100-631 ("the '631 copyright registration"). A true and correct copy of the '631 copyright registration is attached to this Complaint as Exhibit D.

23. In connection with its Amazon listing for the Akasha product Defendant displays unauthorized copies of FenF's registered copyrighted photographs, shown above. (Excerpts at Exhibit E).

24. Defendant advertises, offers for sale, and sells certain products to the public within the United States, including in this District, under the designation "Generic Medium ComfortFlex Silicone Toe Separators, Blue."

Shown above are the photographs displayed by Defendant that are unauthorized copies of FenF's registered copyrighted photograph.

25. Each of Plaintiff's registered copyrighted works have been publicly displayed on its ecommerce platforms, such as on Amazon.com, long prior to Defendant's displaying of its unauthorized copied photographs.

26. Members of the general public can purchase the product ("Akasha product") shown here from Defendant through Amazon at https://www.amazon.com/Generic-Medium-ComfortFlex-Silicone-Separators/dp/B0CVRQVRXX/ref=sr_1_1?crid=GLX4EQNCDEKJ&dib=eyJ2Ijoi MSJ9.SSb_s0qR26GL15RoXfBd0g.X4f9wYvmmlzAlqbblBCwQaRP7o00KtSM1 BzE6qY6vWA&dib_tag=se&keywords=b0cvrqvrxx&nsdOptOutParam=true&qid =1771958357&sprefix=b0cvrqvrxx%2Caps%2C124&sr=8-1&th=1. (Excerpts at Exhibit E). The Akasha product is assigned ASIN B0CVRQVRXX by Amazon.

27. Defendant sells the Akasha product which includes upstanding posts that are configured to separate a user's toes. The Akasha product includes gemstone handles that are confusingly similar to the gemstone handles featured on FenF's GEMS® product and protected by the '981 trademark registration.

28. Defendant sells the Akasha product, which is sapphire blue in connection with toe stretchers. The Akasha product that is sapphire blue is confusingly similar to FenF's sapphire blue GEMS® product that is protected by the '070 trademark registration.

29. The Akasha product competes directly with FenF's GEMS® product for sales to the public.

### Count I - Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 (Infringement of Trademark Registration No. 5,098,981)

30. FenF repeats and realleges the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. The incontestable status of the mark of the '981 trademark registration is conclusive evidence of the validity of the mark, that FenF owns the mark, and FenF's exclusive right to use the mark in commerce.

32. Defendant has used, and is continuing to use, in interstate commerce and without authorization from FenF, a reproduction, counterfeit, copy, and/or colorable imitation of the gemstone handle design of FenF's incontestable '981 trademark registration through its advertising, promotion, distribution, and offering for sale of the Akasha product, which includes upstanding posts having gemstone handles.

33. Defendant's use in commerce of a reproduction, counterfeit, copy, and/or colorable imitation of FenF's '981 trademark registration in connection with

the sale, offering for sale, distribution, or advertising of the Akasha product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to at least the source of the Akasha product or as to Defendant's affiliation with, connection to, approval by, sponsorship by, or association with FenF.

34. Defendant's use of FenF's registered trademark in connection with the use of faceted gemstone handles as part of the Akasha product in interstate commerce has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered incontestable trade dress rights embodied in the '981 trademark registration.

35. Defendant's actions constitute infringement of FenF's federally registered trademark for the gemstone handle in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

36. On information and belief, and by virtue of the widespread exposure and success of FenF's GEMS® product, Defendant was actively aware of FenF and its trademark rights in the gemstone handles of FenF's GEMS® product when Defendant began selling the Akasha product, yet proceeded anyway to use a reproduction, counterfeit, copy, and/or colorable imitation of FenF's '981 trademark registration in the Akasha product, and is continuing to do so, thus rendering Defendant's use of FenF's registered incontestable trademark willful and deliberate.

## Count II - Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114
### (Infringement of Trademark Registration No. 5,099,070)

37. FenF repeats and realleges the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. The incontestable status of the mark of the '070 trademark registration is conclusive evidence of the validity of the mark, that FenF owns the mark, and FenF's exclusive right to use the mark in commerce.

39. Defendant has used, and is continuing to use the sapphire blue color, in interstate commerce and without authorization from FenF, a reproduction, counterfeit, copy, and/or colorable imitation of FenF's incontestable '070 trademark registration the sale, offering for sale, distribution, or advertising of the Akasha product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to at least the source of the Akasha product or as to Defendant's affiliation with, connection to, approval by, sponsorship by, or association with FenF.

40. Defendant's use of FenF's registered sapphire blue trademark in connection with the Akasha product in interstate commerce has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered incontestable trade dress rights embodied in the '070 trademark registration.

41. Defendant's actions constitute infringement of FenF's federally registered trademark for the sapphire blue in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

42. On information and belief, and by virtue of the widespread exposure and success of FenF's GEMS® product, Defendant was actively aware of FenF and its trademark rights in the blue color of FenF's GEMS® product when Defendant began selling the Akasha product, yet proceeded anyway to use a reproduction, counterfeit, copy, and/or colorable imitation of FenF's '070 trademark registration in the Akasha product, and is continuing to do so, thus rendering Defendant's use of FenF's registered incontestable trademark willful and deliberate.

**Count III - Violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**
(**Dilution by Blurring**)

43. FenF repeats and realleges the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. FenF's gemstone handle trademark is distinctive and a famous mark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45. FenF's gemstone design that is the subject of FenF's '981 trademark registration became distinctive and famous prior to the Defendant's acts alleged herein.

46. Defendant's use of a reproduction, counterfeit, copy, and/or colorable imitation of FenF's '981 trademark registration has diluted and will, unless enjoined,

continue to dilute and is likely to dilute the distinctive quality of FenF's famous gemstone handle trademark.

47. On information and belief, and by virtue of the widespread exposure, success, and fame of FenF's gemstone trade dress, Defendant was actively aware of FenF and its trademark rights in the gemstone trade dress yet proceeded anyway to use a reproduction, counterfeit, copy, and/or colorable imitation of FenF's gemstone trade dress thus rendering Defendant's use of FenF's registered incontestable trademark willful and deliberate.

48. Defendant's acts have already caused FenF irreparable damage and will, unless enjoined by this Court, continue to damage FenF, which has no adequate remedy at law.

### Count IV – Copyright Infringement
### (Infringement of Copyright Registration No. VA 2-001-636)

49. FenF repeats and realleges the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. Defendant has infringed, and continues to infringe, the '636 copyright registration by copying and displaying a photograph substantially similar to FenF's copyrighted photograph on Defendant's ecommerce pages in connection with the advertising, promotion, and offering for sale of the Akasha product without authorization or approval from FenF.

51. Defendant's reproduction and displaying of a photograph substantially similar to FenF's copyrighted photograph and its infringement of FenF's copyright has been, and continues to be, willful and deliberate.

52. Defendant's infringement of FenF's copyright has caused, is causing, and will continue to cause irreparable injury to FenF.

### Count V – Copyright Infringement
### (Infringement of Copyright Registration No. VA 2-100-631)

53. FenF repeats and realleges the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

54. Defendant has infringed, and continues to infringe, the '631 copyright registration by copying and displaying a photograph substantially similar to FenF's copyrighted photograph on Defendant's ecommerce pages in connection with the advertising, promotion, and offering for sale of the Akasha product without authorization or approval from FenF.

55. Defendant's reproduction and displaying of a photograph substantially similar to FenF's copyrighted photograph and its infringement of FenF's copyright has been, and continues to be, willful and deliberate.

56. Defendant's infringement of FenF's copyright has caused, is causing, and will continue to cause irreparable injury to FenF.

## **RELIEF REQUESTED**

WHEREFORE, FenF respectfully requests that this Court enter a judgment that:

A.    Finds Defendant's use in commerce of a reproduction, counterfeit, copy, and/or colorable imitation of FenF's gemstone handles that are the subject of FenF's '981 trademark registration infringes the '981 trademark registration in violation of 15 U.S.C. § 1114;

B.    Finds Defendant's use in commerce of a reproduction, counterfeit, copy, and/or colorable imitation of the sapphire blue color in connection with toe stretchers that are the subject of FenF's '070 trademark registration infringes the '070 trademark registration in violation of 15 U.S.C. § 1114;

C.    Finds Defendant has violated Section 43(c) of the Lanham Act having caused dilution by blurring;

D.    Awards FenF profits gained by Defendant as a result of Defendant's trademark infringement and trademark dilution, increased to an amount this Court deems just, pursuant 15 U.S.C. § 1117;

E.    Awards FenF actual damages sustained as a result of Defendant's infringement and dilution, increased by up to three times, pursuant 15 U.S.C. § 1117;

  F. Awards FenF statutory damages of between not less than $1,000.00 or more than $200,000.00 per counterfeit mark infringed, increased up to no more than $2,000,000.00 per counterfeit mark willfully infringed;

  G. Awards FenF its costs and any additional damages to which FenF is entitled as a result of Defendant's infringement and dilution;

  H. Finds this case to be exceptional and awards FenF its reasonable attorney fees pursuant 15 U.S.C. § 1117;

  I. Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from infringing the '981 and '070 trademark registrations;

  J. Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from diluting FenF's gemstone handle trademark;

  K. Orders Defendant to recall from any distributors, shippers, resellers, retailers, or wholesalers any and all advertising, products, packaging, or any other items that infringe the '981 trademark registration;

    L.    Orders Defendant to deliver to FenF any and all advertising, products, packaging, or any other items that infringe the '981 and '070 trademark registrations or that dilute FenF's gemstone handle trademark;

    M.    Finds Defendant's unauthorized reproduction and displaying of FenF's copyrighted photograph, which is the subject of the '636 copyright registration, in connection with the Akasha product infringes the '636 copyright registration;

    N.    Finds Defendant's unauthorized reproduction and displaying of FenF's copyrighted photograph, which is the subject of the '631 copyright registration, in connection with the Akasha product infringes the '631 copyright registration;

    O.    Awards FenF damages to compensate for Defendant's copyright infringement pursuant to 17 U.S.C. § 504, including FenF's actual damages and any additional profits of Defendant or, in the alternative, statutory damages of not less than $750.00 or more than $30,000 per work infringed increased up to $150,000.00 per work infringed because of the willful nature of Defendant's infringement;

    P.    Awards FenF its full costs, including attorney fees, stemming from Defendant' copyright infringement pursuant to 17 U.S.C. § 505;

    Q.    Orders the impounding of all items that violate the exclusive rights of FenF in its registered copyright pursuant to 17 U.S.C. § 503;

    R.    Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation

with it, be preliminarily and permanently enjoined from infringing the '636, '631, and '640 copyright registrations pursuant to 17 U.S.C. § 505; and

  S. Awards FenF costs, pre-judgment, and post-judgment interest at the maximum allowable rate, fees, and other such further relief as the Court deems just and proper.

            Respectfully submitted,

Dated: February 25, 2026   By: /s/ *Richard W. Hoffmann*
            RICHARD W. HOFFMANN (P42352)
            Reising Ethington PC
            755 W. Big Beaver Road, Suite 1850
            Troy, Michigan 48084
            Telephone: (248) 689-3500
            E-mail: hoffmann@reising.com
            *Attorneys for Plaintiff FenF, LLC*

## **JURY TRIAL DEMANDED**

FenF demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:   February 25, 2026          By: */s/ Richard W. Hoffmann*
RICHARD W. HOFFMANN (P42352)
Reising Ethington P.C.
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone: (248) 689-3500
E-mail:  hoffmann@reising.com


*Attorneys for Plaintiff FenF, LLC*

- 20 -